UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rashad Hasan, | Case No. 16-cv-2990 (JRT/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Bank of America, N.A., Usset, Weingarden, & Liebo, PLLP, and David J. Usset, | |
| Defendants. | |

Rashad Hasan, pro se, Minneapolis, Minnesota.

Mark G. Schroeder, Esq., Briggs & Morgan, PA, Minneapolis, Minnesota, for Defendant Bank of America, N.A.

Kevin T. Dobie, Esq., Usset, Weingarden & Liebo, PLLP, Minneapolis, Minnesota for Defendants Usset, Weingarden, & Liebo, PLLP, and David J. Usset.

STEVEN E. RAU, United States Magistrate Judge

This matter comes before the undersigned on Defendants Bank of America, N.A.'s ("BANA") Motion to Dismiss ("BANA's First Motion to Dismiss") [Doc. No. 5] and Renewed Motion to Dismiss ("BANA's Motion to Dismiss Amended Complaint") [Doc. No. 22]; Usset, Weingarden, & Liebo, PLLP, and David J. Usset's (collectively, "Usset") Motion to Dismiss ("Usset's First Motion to Dimiss") [Doc. No. 11] and Motion to Dismiss Plaintiff's Amended Complaint ("Usset's Motion to Dismiss Amended Complaint") [Doc. No. 29]; and Plaintiff Rashad Hasan's ("Hasan") Objection and Motion to Remand ("Motion to Remand") [Doc. No. 14], and Motion for Summary Judgment [Doc. No. 34]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and District of Minnesota Local Rule 72.1. *See* (Order of Referral Dated Sept. 14, 2016) [Doc. No. 19]; (Order of Reference Dated Sept. 29,

2016) [Doc. No. 33]; (Order of Reference Dated Oct. 18, 2016) [Doc. No. 38]. For the reasons stated below, the Court recommends denying BANA's and Usset's First Motion to Dismiss as moot, granting BANA's and Usset's Motions to Dismiss Amended Complaint, denying Hasan's Motion to Remand and Motion for Summary Judgment, and dismissing the case with prejudice.

I.  **BACKGROUND**[1]

On July 13, 2015, Hasan filed an action to prevent BANA from foreclosing on Hasan's mortgage before the Honorable Judge David S. Doty. *See Hasan*, 2015 WL 7295745, at *1. There, BANA attempted a foreclosure by advertisement utilizing Usset as counsel to initiate the foreclosure. *See* (Mem. of Law of Defs. Usset, "Usset's Supp. to Dismiss Am. Compl.") [Doc. No. 30 at 4]. In his lawsuit before Judge Doty, Hasan alleged harms under a "show-me-the-note" theory, identity theft allegations, and violations under the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"). *Hasan*, 2015 WL 7295745, at *1. Judge Doty denied Hasan's motion to amend his complaint because any amendment would be futile and granted Defendants' motion to dismiss with prejudice. *Id*. at *2, 4. Judge Doty's judgment was affirmed by the Eight Circuit. *See Hasan v. Bank of Am., N.A.*, No. 15-3903, 2016 WL 3611557, at *1 (8th Cir. July 6, 2016) (per curiam) (unpublished opinion).

On August 3, 2016, Hasan initiated a second action in Minnesota state court alleging claims for conversion of his real property against Defendants. *See* (Notice of Removal) [Doc. No. 1]; (Summons & Compl., Attached to Notice of Removal) [Doc. No. 1-1]. In particular, in his state court action, Hasan alleged that BANA engaged in conversion of Hasan's real property and Usset—as BANA's counsel—did the same when the Defendants attempted to foreclose on

---

[1] The Court provides relevant background regarding only the motions before it. A comprehensive factual background can be found at *Hasan v. Bank of Am., N.A.*, No. 15-cv-3037 (DSD/JJK), 2015 WL 7295745, at *1 (D. Minn. Nov. 18, 2015) (Doty, J.).

Hasan's real property. *See* (*id.* at 5–7) (alleging conversion against BANA); (*id.* at 7–12) (alleging conversion against Usset).[2] Hasan also asserted $250,000 in damages. *See* (Summons & Compl., at 6–7). On September 2, 2016, BANA filed a Notice of Removal. (Notice of Removal at 1). On September 9, 2016, BANA filed its First Motion to Dismiss. (BANA's First Mot. to Dismiss).

In response to BANA's First Motion to Dismiss, Hasan filed an Amended Complaint on September 12, 2016. *See* (Am. Compl.) [Doc. No. 15]. In his Amended Complaint, Hasan increased his alleged damages to $2,500,000. *See* (Am. Compl. at 3, 5, 6, 7, 8).[3] Hasan also contemporaneously filed his Motion to Remand. (Mot. to Remand). In his Motion to Remand, Hasan asserts that there is no diversity of citizenship because BANA "is a resident [o]f Minnesota with its principal place of business . . . in . . . Minneapolis, Minnesota" and Usset is "domiciled in the State of Minnesota with its principal place of business [in] . . . Minneapolis, Minnesota." (*Id.* at 1). In response, BANA asserts that it is a citizen of North Carolina and that Usset was fraudulently joined. *See* (BANA's Opp'n to Pl.'s Mot. to Remand, "Opp'n to Remand") [Doc. No. 20 at 1].

On September 27, 2016, BANA filed its Motion to Dismiss Amended Complaint. (BANA's Mot. to Dismiss Amended Compl.). BANA asserts that res judicata and collateral estoppel bar Hasan's claims. *See* (BANA's Mem. of Law in Supp. of its Renewed Mot. to Dismiss, "BANA's Mem. in Supp. to Dismiss Am. Compl.") [Doc. No. 24 at 6–15]. BANA also argues Hasan fails to state a claim for which relief can be granted and that any further amendments would be futile. *See* (*id.* at 15–18). On September 27, 2016, Usset also filed a

---

2     When referencing the Summons and Complaint, CM/ECF pagination is used.
3     When referencing Hasan's Amended Complaint, CM/ECF pagination is used.

Motion to Dismiss Amended Complaint.[4] (Usset's Mot. to Dismiss Am. Compl.). Like BANA, Usset asserts that res judicata and collateral estoppel bar Hasan's claims. *See* (Usset's Supp. to Dismiss Am. Compl. at 3–4). Further, Usset argues—because Usset was acting in its professional capacity as counsel for BANA—that immunity bars Hasan's claims against Usset. *See* (*id.* at 5–6). Hasan did not submit memoranda in opposition to either of Defendants' Motions to Dismiss.

The Court heard oral argument on the above motions on December 5, 2016. (Minute Entry Dated December 5, 2016) [Doc. No. 45]. During the oral argument, supplemental briefing was requested about whether conversion was an appropriate theory of recovery in a case involving real property. *Id.* The Court also stated that it would take the matter under advisement on December 19, 2016. *Id.* Thus, the matter is fully briefed and ripe for consideration.

## II.  DISCUSSION

The Court first considers Hasan's Motion to Remand. Because the Court finds that there is original jurisdiction under 28 U.S.C. § 1332, the Court recommends that Hasan's Motion to Remand be denied. Next, the Court analyzes Defendants' Motions to Dismiss. Because principles of res judicata bar Hasan's current action, the Court recommends that Defendants' Motions to Dismiss Amended Complaint be granted. Last, for reasons related to the Court's recommendation that Defendants' Motions to Dismiss be granted, Hasan is not entitled to judgment as a matter of law and the Court recommends that his Motion for Summary Judgment be denied.

---

[4]  Usset filed its First Motion to Dismiss on September 13, 2016, after Hasan filed his Amended Complaint. As will be discussed below, Usset's First Motion to Dismiss was directed at Hasan's Complaint and not Hasan's Amended Complaint. *See generally* (Mem. of Law of Defs. Usset, "Usset's Supp. to Dismiss Compl.") [Doc. No. 12]. In light of Hasan's Amended Complaint, the Court recommends that Usset's First Motion to Dismiss be denied as moot.

### A.  Motion to Remand

#### 1.  Legal Standard

"In general, a defendant may remove a state court action to federal court if it originally could have been brought in federal court." *Fed. Nat'l Mortg. Ass'n. v. Mashak*, No. 15-cv-3791 (JRT/FLN), 2016 WL 1239248, at *1 (D. Minn. Mar. 29, 2016) (Tunheim, C.J.) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[T]he party seeking removal and opposing remand . . . ha[s] the burden of establishing federal subject matter jurisdiction." *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

#### 2.  Analysis

"It is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012). Stated differently, the operative complaint at the time of removal controls. *Id.* at 789–90. Section 1332(a) states in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, Defendants met their burden of establishing federal subject matter jurisdiction, because at the time of removal under 28 U.S.C. § 1332(a), there was complete diversity between the parties and the amount in controversy exceeded $75,000.

First, with respect to the amount in controversy, Hasan's arguments are unpersuasive. *See* (Mot. to Remand at 2) (arguing that it is Defendants' burden to show with legal certainty that damages exceed the jurisdictional minimum). Hasan cites to a number of cases that stand for the

5

proposition that where a plaintiff alleges damages for less than the jurisdictional threshold, the burden shifts to defendants to establish that the jurisdictional threshold is met. *See* (*id.*) (citing *Gallagher v. Fed. Signal Corp.*, 524 F. Supp. 2d 724, 728 (D. Md. 2007); *Delph v. Allstate Home Mortg.*, 478 F. Supp. 2d 852, 854 (D. Md. 2007); *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002)). The reliance on these cases is misguided. Importantly, the initial complaint (which was the operative pleading at the time of removal) far exceeds the minimum threshold of $75,000 in alleged damages. *See* (Summons & Compl., at 6–7) (alleging damages of $250,000). This is typically sufficient to establish the jurisdictional threshold. *See Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009) (stating "when a state court complaint alleges an amount in controversy greater than the jurisdictional minimum, the jurisdictional threshold is satisfied unless it appears to a legal certainty that the plaintiff cannot recover the amount pled.").

In other words, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* at 956. Hasan has provided no support to establish with legal certainty that his claimed damages are less than $75,000—the requisite amount. In fact, Hasan's Amended Complaint suggests that his claim is worth more—not less—than the amount claimed in his initial complaint. *See* (Am. Compl. at 3, 5, 6, 7, 8) (alleging damages of $2,500,000). Consequently, the Court finds that the amount in controversy requirement is established under operative law.

Second, with respect to diversity of citizenship, Hasan asserts that there is no diversity of citizenship because BANA "is a resident of Minnesota with its principal place of business . . . in . . . Minneapolis, Minnesota" and Usset is "domiciled in the State of Minnesota with its principal place of business [in] . . . Minneapolis, Minnesota." (Mot. to Remand at 1). Hasan's

6

characterization of BANA's citizenship is incorrect. Furthermore, the Court finds that Hasan's attempt to join Usset is merely an attempt to destroy diversity and is therefore legally insufficient. Thus, the Court finds that complete diversity exists between the parties.

With respect to BANA's citizenship, a national bank is a citizen in "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *see also Buffets, Inc. v. Leschow*, 732 F.3d 889, 897 (8th Cir. 2013) ("A national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located."). In *Buffets*, the Court of Appeals for the Eight Circuit took "judicial notice, based on records of the Office of the Comptroller of the Currency" to establish citizenship of U.S. Bank. *See Buffets*, 732 F.3d at 897.

Doing the same here, this Court takes "judicial notice, based on records of the Office of the Comptroller of the Currency" that Bank of America is a citizen of North Carolina. *See* Office of the Comptroller of the Currency, *Nat'l Banks Active As of 2/28/2017*, https://www.occ.gov/topics/licensing/national-banks-fed-savings-assoc-lists/national-by-name.pdf (including a listing for "Bank of America, National Association Charlotte NC"). In further support of BANA's citizenship determination, many other courts in this Circuit have established that BANA is a citizen of North Carolina. *See, e.g.*, *Timber Point Props. III, LLC v. Bank of Am., N.A.*, No. 13–CV–03449, 2014 WL 2584825, at *2 (W.D. Mo. June 10, 2014); *Butler v. Bank of Am., N.A.*, No. 11-cv-461, 2011 WL 2728321, at *3, n.1 (D. Minn. July 13, 2011) (Frank, J.); *see also Adams v. Bank of Am., N.A.*, 317 F. Supp. 2d 935, 942 (S.D. Iowa 2004) (suggesting that BANA is a citizen of North Carolina, but not definitively determining the citizenship question because the parties were diverse regardless of whether BANA was a citizen

of California or North Carolina). Contrary to Hasan's arguments, the Court finds that BANA is a citizen of North Carolina and not a citizen of Minnesota.[5]

The Court also finds that Usset's inclusion in this case does not destroy diversity because Usset is added as a party—in the Court's judgment—solely to defeat complete diversity, i.e., is fraudulently joined. It is well-settled that federal jurisdiction should be retained "if it is **clear** under governing state law that the complaint does not state a cause of action against the non-diverse defendant" because the joinder is considered fraudulent. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (citing *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). It is equally well-settled in Minnesota that "an attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship." *McDonald v. Stewart*, 182 N.W.2d 437, 440 (Minn. 1970); *see also Karnatcheva v. JPMorgan Chase Bank, N.A.*, 871 F. Supp. 2d 834, 838–39 (D. Minn. 2012) (Davis, C.J.). *Karnacheva* is particularly instructive because it involves a foreclosure proceeding involving Usset, albeit as counsel for a different bank. There, the Honorable Chief Judge Michael J. Davis held "that Usset was fraudulently joined as Plaintiffs have not asserted a 'colorable' claim under state law against Usset." *Id.* at 839. This case mirrors *Karnacheva*. Importantly, Usset is employed as BANA's counsel and Hasan failed to allege that Usset was acting outside the scope of its professional relationship. Thus, Hasan's claims against Usset fail as a matter of law and its inclusion does not destroy diversity. *Id*.

---

[5] While the Court does not base its determination on this fact, the Court finds it disingenuous—at best—that Hasan asserted different jurisdictional statements in different cases to meet the jurisdictional needs of his lawsuits. *Compare* Compl., "Hasan I Compl.," *Hasan v. Bank of Am., N.A.*, No. 15-cv-3037 (DSD/JJK) [Doc. No. 1] (alleging that BANA "is a national association doing business at 100 N Tryon St. Charlotte, NC 28255"), *with* (Summons & Compl. at 5) (alleging that BANA "is a corporation engaging in a business enterprise in the State of Minnesota, and a resident of the state of Minnesota").

In sum, because the amount in controversy exceeds the jurisdictional threshold and the Court finds there is complete diversity between the parties, the Court recommends that Hasan's Motion to Remand be denied.

### B.  Motions to Dismiss

As a threshold matter, because Hasan filed an Amended Complaint in response to Defendants' First Motions to Dismiss, the Court recommends that Defendants' First Motions to Dismiss be denied as moot. *See Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 803–04 (8th Cir. 2013) (stating "[s]ome courts, as a matter of course, treat an amended complaint as mooting a pending motion to dismiss the original complaint" and citing cases). Next, the Court considers whether to grant Defendants respective Motions to Dismiss Hasan's Amended Complaint.

#### 1.  Legal Standard

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citations omitted).

#### 2.  Analysis

As a general matter, "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). Because the Court finds that Hasan's Amended Complaint is meritless under res judicata and immunity principles, the Court recommends granting Defendants' Motions to Dismiss Hasan's Amended Complaint.

### a. BANA's Motion

BANA argues that res judicata bars Hasan from bringing this lawsuit and thus should be dismissed. (BANA's Mem. in Supp. to Dismiss Am. Compl. at 6–12). BANA also raises alternative arguments that Hasan's case should be dismissed because collateral estoppel bars his claims, that Hasan has failed to state a claim upon which relief can be granted, and that further amendments to the complaint would be futile. *See* (*id.* at 12–18). Because the Court finds that res judicata bars Hasan from bringing this lawsuit, the Court does not make a recommendation regarding BANA's other arguments.[6]

To determine whether res judicata applies, the Court looks to "Minnesota law on the substantive question of res judicata because state law controls this issue in a diversity action." *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 822 (8th Cir. 2008). Under Minnesota law, there is a four-prong test to determine whether res judicata bars Hasan's claims.

> Res judicata applies as an absolute bar to a subsequent claim when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.

*Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004); *see also Rabo Agrifinance, Inc. v. Wachovia Capital Fin. Corp.*, No. 10-cv-983 (JRT/JSM), 2011 WL 601157, at *2–4 (D. Minn. Feb. 11, 2011) (Tunheim, J.) (applying the four-factor test in *Hauschildt*). "All four prongs must

---

[6] Nevertheless, the Court notes that conversion is a remedy with respect to chattels. It is generally inappropriate as a theory of recovery for real property. *See Hays v. CitiMortgage, Inc.*, No. 11-cv-2477 (JRT/LIB), 2012 WL 1319413, at *4 n. 3 (D. Minn. Mar. 29, 2012) (Brisbois, Mag. J.) ("Generally, a conversion claim cannot lie for the deprivation of a building unless it has been severed from the real estate."), *adopted* 2012 WL 1314105 (D. Minn. Apr. 17, 2012) (Tunheim, J.). Thus, conversion as a theory of recovery is wholly inappropriate to the facts of this case.

be met for res judicata to apply." *Hauschildt*, 686 N.W.2d at 840. Because the Court finds that all four prongs are satisfied, res judicata bars Hasan's claims.

### i.    Same Facts

The focus of this prong "is whether the second claim arise[s] out of the same set of factual circumstances." *Id.* (internal quotation marks omitted). "The common test for determining whether a former judgment is a bar to a subsequent action is to inquire whether the same evidence will sustain both actions." *Id.* at 840–41 (internal quotation marks omitted). But "claims cannot be considered the same cause of action if the right to assert the second claim did not arise at the same time as the right to assert the first claim." *Id.* at 841 (internal quotation marks omitted).

Here, there is little question that this prong is satisfied. In *Hasan*, 2015 WL 7295745, Hasan alleged harms under a "show-me-the-note" theory, identity theft allegations, and violations under the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA") for the same property at issue here. *See* Hasan I Compl. at 1, 6–26. In support of his first action, Hasan alleged, for example, that BANA impermissibly obtained Hasan's personal and private banking, financial, and identifying information for its own financial gain. *See* (*id.* at 2, 16–20). In the instant case, Hasan alleges that BANA

> obtained the plaintiff's private, banking, financial, credit and banking information and used that information to falsely give the appearance that it has some rights under a trust deed recorded against the plaintiff's property for the purpose of taking that property and deceiving the plaintiff into paying protection money for the defendant's promise not to take this property.

(Am. Compl. at 1–2). Both cases involve the same mortgage instrument and the right to assert both claims originated at the same time. Because the cases arise out of the same factual

circumstances and the same evidence would sustain both cases, the Court finds that this prong of the res judicata analysis is satisfied.

### ii. Same Parties or Their Privies

Both lawsuits involve Hasan as plaintiff and Bank of America, N.A. as defendant—this prong of the res judicata analysis is met.[7]

### iii. Final Judgment on the Merits

"[A] Rule 12(b)(6) dismissal is a 'judgment on the merits' for res judicata purposes unless the plaintiff is granted leave to amend his complaint or the dismissal is reversed on appeal." *MASTR Asset Backed Sec. Trust 2006-HE3 ex rel. U.S. Bank Nat. Ass'n v. WMC Mortg. LLC*, 983 F. Supp. 2d 1104, 1118 (D. Minn. 2013) (Tunheim, J.) (citing *United States v. Maull*, 855 F.2d 514, 517 n.3 (8th Cir. 1988)). As a result, this factor is also met. In the previous lawsuit, Hasan's case was dismissed with prejudice pursuant to a 12(b)(6) motion filed by BANA. *See Hasan*, 2015 WL 7295745, at *2, 4. Furthermore, Judge Doty denied leave to amend, finding such amendments would be futile. *Id.* Importantly, the dismissal was affirmed on appeal. *Hasan*, 2016 WL 3611557, at *1. Consequently, the final judgment on the merits prong is satisfied.

### iv. Opportunity to Litigate

> The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties.

*State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (internal quotation marks omitted). There is nothing to suggest that Hasan was not given a fair and full opportunity to litigate his matter. "[A]

---

[7] The Court will consider Usset's privity with BANA in the context of the Court's analysis of Usset's Motion to Dismiss below.

litigant's disagreement with a legal ruling does not necessarily mean that the court denied the litigant a full and fair opportunity to litigate a matter." *Id.* at 329. In fact, as discussed above regarding judgment on the merits, Hasan appealed Judge Doty's decision to the Eighth Circuit, which affirmed Judge Doty's decision. *See Hasan*, 2016 WL 3611557 at *1. It is noteworthy that Hasan did not brief his identify-theft claims before the Eighth Circuit. *See id.* n.1. But this fact does not change the Court's determination that Hasan had an opportunity to litigate his claims. If nothing else, it further supports that Hasan could have continued to litigate his identity-theft claim, but chose not. *See Goe v. City of Mexico*, 217 F. App'x 583, 584 (8th Cir. 2007) (per curiam) (unpublished opinion) (holding that plaintiff "waived any challenge he may have to the dismissal of his . . . claim by failing to brief the issue."). Thus, there is no suggestion of procedural limitations in the prior proceeding, and it is clear that Hasan had incentive to fully litigate these issues. Also, because Hasan was the plaintiff in both actions, there is nothing to suggest that he was limited by the nature or relationship of the parties. As a result, this prong is also satisfied.

In sum, each prong of the res judicata analysis is satisfied. Thus, Judge Doty's decision in *Hasan*, 2015 WL 7295745, forecloses the claims in Hasan's current Amended Complaint under principles of res judicata. The Court recommends that BANA's Motion to Dismiss Amended Complaint be granted.

### b. Usset's Motion

For similar reasons articulated above with respect to BANA's res judicata analysis, res judicata also bars Hasan's claims against Usset. In particular, the analysis regarding whether Hasan's claims allege the same facts, whether there was a judgment on the merits, and whether

13

Hasan had a full and fair opportunity to litigate are identical and thus those prongs are satisfied. The only question is whether the same parties or their privies prong is met with respect to Usset.

"Privity expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties." *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011) (internal quotation marks omitted). In some instances, the attorney-client relationship is not sufficient to establish privity. *See id.* at 119 ("Something more than the common objective of attorney and client in obtaining an outcome favorable to the client is necessary to establish privity."). This Court finds, however, that a mutual legal interest in the foreclosure proceeding outcome is sufficient to establish privity between Usset and BANA. For example, Usset acted as BANA's agent in the actions complained of in the first lawsuit against BANA. Now, Hasan pursues liability against Usset for those same actions. *Cf. id.* at 123 (stating that there was no privity between the parties because "something more—here, a mutuality of legal interest in the outcome . . . is missing in this case"). Because the mutuality of legal interest in the outcome is **not** missing from this case, the Court concludes that privity exists between BANA and Usset.

The Court's determination is further supported by other decisions in this district finding Usset in privity with other banks represented by Usset in foreclosure proceedings under a res judicata analysis. *See Richter v. Fed. Nat'l Mortg. Ass'n*, No. 13-cv-475 (ADM/JJG), 2013 WL 3223377, at *6 (D. Minn. June 25, 2013) (Montgomery, J.) (finding the existence of privity between Usset and another bank in its res judicata determination because "Usset acted as an agent for . . . the defendants in the prior action, and Plaintiffs now pursue liability against Usset based on the same causes for which they sought liability against Usset's clients. Usset also had

14

and continues to have aligned interests with the remaining defendants in these lawsuits"). Thus, res judicata is satisfied for Usset and bars Hasan's claims in this litigation.

Further, to the extent that Hasan is suing Usset for actions Usset took in its professional capacity—for the reasons stated above with respect to Hasan's Motion to Remand—the Court finds that Usset is immune from suit for the harms alleged in Hasan's Amended Complaint. *Karnatcheva*, 871 F. Supp. 2d at 839. In particular, an "attorney acting within the scope of his employment as an attorney is immune from liability to third persons for actions arising out of that professional relationship." *Id.* at 839. One exception to this immunity from is suit where the plaintiff provides evidence of "an affirmative misrepresentation" made by the attorneys. *See id.* Here, Hasan does not assert "that Usset made an affirmative misrepresentation involving the foreclosure proceedings." *Id.* at 843. Hasan's claims alleging harm by Usset fail as a matter of law under principles of both res judicata and immunity and should be dismissed.

In sum, the Court recommends that Defendants' Motions to Dismiss Amended Complaint be granted. Furthermore, because the dismissal in favor of BANA is grounded on res judicata and the dismissal in favor of Usset is grounded on res judicata and immunity from suit for acting within the scope of their employment, the Court recommends that the case be dismissed with prejudice. *See Welch v. Citimortgage, Inc.*, No. 13-cv-1388 (JRT/JJK), 2014 WL 1048522, at *4 (D. Minn. Mar. 18, 2014) (Tunheim, J, adopting report and recommendation of Boylan, C. Mag. J.) (dismissing a case grounded on res judicata with prejudice); *Karnatcheva*, 871 F. Supp. 2d at 843 (dismissing a case with prejudice against Usset that was grounded on immunity from suit).

### C. Motion for Summary Judgment

#### 1. Legal Standard

Summary judgment is appropriate where there "is no genuine dispute as to any material fact **and the movant is entitled to judgment as a matter of law**." Fed. R. Civ. P. 56(a) (emphasis added). In making a summary judgment determination, the Court must view the facts in the light most favorable to the nonmoving party insofar as "there is a genuine dispute as to those facts." *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

### 2. Analysis

Based on the above analysis, the Court finds that Hasan is not entitled to relief as a matter of law. First, Hasan's claims against BANA are barred by principles of res judicata. Second, Hasan's claims against Usset are by barred by principles of res judicata and because Usset is immune from suit for its actions in its professional capacity as BANA's counsel. Consequently, the Court recommends that Hasan's Motion for Summary Judgment be denied.

## III. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss [Doc. No. 5] be **DENIED** as moot;

2. Defendants Usset, Weingarden, & Liebo, PLLP, and David J. Usset's (collectively, "Usset") Motion to Dismiss [Doc. No. 11] be **DENIED** as moot;

3. Plaintiff Rashad Hasan's ("Hasan") Objection and Motion to Remand [Doc. No. 14] be **DENIED**;

4. BANA's Renewed Motion to Dismiss [Doc. No. 22] be **GRANTED**;

5. Usset's Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 29] be **GRANTED**;

6. Hasan's Motion for Summary Judgment [Doc. No. 34] be **DENIED**; and

7. This case be **DISMISSED with prejudice**.


Dated: March 22, 2017

                                        *s/Steven E. Rau*
                                        STEVEN E. RAU
                                        United States Magistrate Judge


**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.